THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOO PARK,

                Plaintiff,

      v.

SAM'S CLUB #4835, located and operating at 901 S. Grady Way, Renton, WA, *et al.*,

                Defendants.

CASE NO. C18-0463-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff filed a complaint in King County Superior Court on July 25, 2016[1], asserting medical and general damages for a shoulder injury sustained in a slip and fall in a Sam's Club (Dkt. No. 1-2 at 2, 7). Defendants removed the case to federal court on March 29, 2018. (Dkt. No. 1.) Defendants based removal on a March 19, 2018 order from the Superior Court denying their motion to limit Plaintiff's damages to $75,000. (Dkt. No. 1 at 3.) Plaintiff moved to remand.

---

[1] Defendants allege the underlying suit commenced on October 21, 2016. Regardless, neither date is outcome determinative. (*See* Dkt. No. 1 at 1.)

ORDER
C18-0463-JC
PAGE - 1

(Dkt. No. 11 at 2.)

## II. DISCUSSION

### A. Legal Standard

A defendant is entitled to remove a lawsuit if the action could have originally been brought in federal district court. *Grable & Sons Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); 28 U.S.C § 1441(a). Where a case is not removable as initially pled, it may still be removed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Once removed, a case can be remanded to state court for defects in the removal procedure or lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Removal Untimely

The Court finds that removal was untimely under 28 U.S.C. section 1446(b)(3).[2] The thirty-day clock for removal started upon Defendants' February 23, 2018 receipt of an email from Plaintiff indicating an updated case value. (Dkt. No. 11 at 17–19); *see Rollins v. Fresenius USA, Inc.*, No. C13-9343-JGB, slip op. at 5 (C.D. Ca. Feb. 4, 2014) (collecting cases finding an email to be an "other paper" under section 1446(b)(3)). Coupled with information already in Defendants' possession, this "other paper" was sufficient for Defendant to ascertain that the amount in controversy would exceed the jurisdictional requirement for removal. Yet Defendants did not remove until March 29, 2018. (Dkt. No. 1 at 6.)

With this email, Defendant had information in its possession that gave it reason to know

---

[2] The Court finds Plaintiff's alternative bases for remand meritless. (*See* Dkt. No. 11 at 2) (arguing removal was untimely under 28 U.S.C. section 1446(c)(1) or was deficient under 28 U.S.C. section 1446(c)(2)(B)).

ORDER
C18-0463-JC
PAGE - 2

that the amount in controversy would be over $75,000. Plaintiff's complaint seeks special and general damages, including, but not limited to medical expenses, lost wages and earning capacity, and pain and suffering. (Dkt. No. 1-2 at 7.) Plaintiff's response to an interrogatory on July 12, 2017 stated that while she had no loss of wage or income to date, such damages would "most likely [be] substantial" if she underwent surgery. (Dkt. No. 11 at 5.) In her September 29, 2017 deposition, Plaintiff indicated that after receiving two steroid injections, her next step would be surgery if her injury did not improve. (Dkt. No. 11 at 22.) She also reaffirmed that she would add a future wage loss claim if she were to get surgery. (*Id*. at 24.) In a February 23, 2018 email, Plaintiff's counsel indicated that Plaintiff's injury had worsened over the past three years, and that she had decided to pursue surgery and reopen her Labor & Industry claim. (Dkt. No. 11 at 19.) The email states the procedure would cost "many tens of thousands of dollars and require a six-month long period of recuperation." *Id*. It also makes a settlement offer of $72,000 and represents that this is a "third or a quarter of the true value of [Plaintiff's claims] given that she has chosen to move forward with surgery. From this email, coupled with prior discovery, Defendant could have readily ascertained that Plaintiff's claim would exceed $75,000.

Defendants argue this email was not sufficient to provide such notice. (Dkt. No. 12 at 10.) But just days after receiving the email, Defendants moved the state court to limit Plaintiff's damages at trial to $75,000. (Dkt. No. 2-2 at 652.) Given this action, Defendants' assertion that they could not have possibly ascertained from the February 23rd email that Plaintiff's claim had risen over $75,000 is dubious. Defendants' argue that the state court's denial of their motion to limit damages was the "first paper indicating that the matter [was] removable." (Dkt. No. 1 at 3.) The Court disagrees. A party cannot be permitted to re-set the clock on removal by moving to limit damages in state court. Defendants' removal on May 29, 2018 was untimely.

### C. Defendant Had an Objectively Reasonable Basis for Removal

If a case is remanded, attorney fees and costs are recoverable pursuant to 28 U.S.C. § 1447(c) only if the removing party "lacked an objectively reasonable basis for seeking removal." *Martin*

*v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Although the Court finds Defendant's removal untimely, it was not so objectively unreasonable as to merit an award of attorney fees and costs. The Court DENIES Plaintiff's request for attorney fees and costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 11) is GRANTED.

DATED this 11th day of June 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0463-JC
PAGE - 4